# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA L. S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-0593-CVE-JFJ |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 23). Plaintiff seeks an award of attorney fees of $6,557 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Defendant objects to plaintiff's motion for EAJA fees and argues that her position was substantially justified.

On October 24, 2017, plaintiff filed this case seeking judicial review of a decision by the Commissioner of Social Security denying her claim for disability benefits. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court reject the Commissioner's decision. Dkt. # 20. The magistrate judge's primary basis for recommending reversal of the Commissioner's decision was a potential conflict between the plaintiff's limitation to "simple and routine tasks" and a level three reasoning requirement for the job of Mail Clerk. Id. at 9. The magistrate judge noted that the Commissioner's position was supported by unpublished Tenth Circuit decisions, but found that the Commissioner's position appeared to conflict with the Tenth Circuit's published decision in Hackett v. Barnhart, 395 F.3d 1168 (10th Cir. 2005). Defendant did not file an objection to the report and recommendation,

and the Court entered an order reversing the Commissioner's decision and remanding the case for further proceedings. Dkt. # 21.

Plaintiff has filed a motion for attorney fees under the EAJA. Dkt. # 23. Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166 (10th Cir. 2007). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees unjust in this case. Dkt. # 24. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that her position was substantially justified by proving that her case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show that her position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.

Defendant asks the Court to find that her position was substantially justified, because a wrong decision can be substantially justified as long as it is not unreasonable. See Madron v. Astrue, 646 F.3d 1255, 1257 (10th Cir. 2011) ("When a district court reviews an EAJA application, however, it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable* even if *wrong*."). Defendant notes that this case is similar to Cain v. Berryhill, 16-CV-640-GKF-FHM (N.D. Okla.). In Cain, the Honorable Gregory K. Frizzell acknowledged that unpublished Tenth Circuit decisions supported the Commissioner's argument that a level three reasoning requirement

2

concerned a claimant's educational background, rather than the mental requirements of a specific job. However, Judge Frizzell found that Hackett was controlling precedent and remanded the case for further proceedings. When deciding whether to award fees under the EAJA, Judge Frizzell found that the Commissioner's position was substantially justified, because there was legal authority supporting the Commissioner's argument and the issue was subject to reasonable disagreement. This Court was faced with essentially the same legal issue in this case and resolved the issue in a similar manner. The magistrate judge noted the apparent conflict between Hackett and Anderson v. Colvin, 514 F. App'x 756 (10th Cir. Apr. 4, 2013), but recommended that the case be remanded to resolve a potential conflict between a reasoning level of three and the claimant's ability to perform only "simple and routine tasks." Dkt. # 20, at 9. There was additional factual support in the administrative record for defendant's position in this case, because plaintiff had previously performed work that required level three reasoning. Dkt. # 20, at 9. The Court finds that defendant's position had a reasonable basis in fact and law and, even though the Court ultimately ruled in favor of plaintiff, defendant's opposition to plaintiff's claim for disability benefits was substantially justified. The Court also notes that defendant did not prolong the case by filing an objection to the report and recommendation, and there is nothing that would suggest that defendant engaged in unreasonable litigation conduct.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 23) is **denied**.

**DATED** this 19th day of June, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE